# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EASTBAY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 5:21-cv-00564 |
| | § | |
| JOHN CARDENAS, | § | JURY DEMANDED |
| TEXAS SPORTS & ENTERTAINMENT | § | |
| LLC, and | § | |
| SHOWCASE ATHLETICS PLLC, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Eastbay, Inc. ("Eastbay") files this Original Complaint against Defendants John Cardenas ("Cardenas"), Texas Sports & Entertainment LLC ("TSE"), and Showcase Athletics PLLC ("Showcase" and together with Cardenas and TSE, "Defendants") and respectfully alleges as follows:

### INTRODUCTION

1. This is an action for breach of contract (against TSE and Showcase), breach of contract on a personal guaranty (against Cardenas), suit on an open account (against all Defendants), and suit on an account stated (against all Defendants) all arising out of Defendants' failure to satisfy a debt due and owing Plaintiff of almost $500,000.

2. Eastbay timely and properly delivered nearly $500,000 worth of sporting goods to TSE and Showcase, two companies for which Cardenas was an authorized purchaser and personal guarantor for "any payments owed to Eastbay by" TSE and Showcase and for which Cardenas

1

"agree[d] to make all payments to Eastbay in the same manner as if he were the principal of the Agreement[s]."

3. Payment for the sporting goods delivered by Eastbay to TSE and Showcase was due within 30 days of purchase, but has not been made.

4. Defendants have never objected to the stated accounts as reflected in invoices delivered to TSE and Showcase. And, notwithstanding numerous efforts by Eastbay to collect the amounts due and owing, Eastbay has received just one payment in the amount of $50.

5. Defendants have disregarded their obligations to pay for the goods received, while Eastbay has satisfied its obligations. Defendants thus owe Eastbay a total of $488,149.47, plus interest, on the past-due accounts.

**THE PARTIES**

6. Plaintiff Eastbay is a Wisconsin corporation with its principal place of business in Wausau, Wisconsin.

7. Defendant Cardenas is an individual Texas resident and may be served with process at his domicile located at 2522 Rockaway Lane, San Antonio, Texas 78232.

8. Upon information and belief, Defendant TSE is a Texas limited liability company with principal places of business in both Austin and San Antonio, Texas. TSE may be served with process at 211 E. 7th Street Suite 620, Austin, Texas 78701.

9. Upon information and belief, Defendant Showcase is a Texas limited liability company with principal places of business in both Austin and San Antonio, Texas. Showcase may be served with process at 211 E. 7th Street Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

10. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy in this lawsuit exceeds the sum or value of $75,000, excluding interest or costs.

11. Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division under 28 U.S.C. §§ 1391(b)(1)-(3) because at least one Defendant resides in this district, and would therefore be subject to this Court's personal jurisdiction, and because the events or omissions giving rise to Plaintiff's claims occurred in substantial part in this judicial district.

**FACTUAL BACKGROUND**

12. Eastbay sells athletic footwear, apparel, equipment, and private-label merchandise via mail and e-commerce orders.

13. Upon information and belief, Showcase and TSE are companies operating mainly in Texas that outfit athletes with sporting equipment and organize sporting events.

14. Eastbay's business relationship with Showcase began on or around May 28, 2020, the signature date featured next to Cardenas's signature on an application for credit, Business Customer Profile, and Personal Guaranty form that Showcase submitted to Eastbay. (Ex. A.)

15. Thereafter, Showcase began ordering sporting goods from Eastbay, which Eastbay delivered along with invoices for the goods.

16. Eastbay's business relationship with TSE began on or around September 3, 2020, the signature date featured next to Cardenas's signature on an application for credit, Business Customer Profile, and Personal Guaranty form that TSE originally submitted to Eastbay. (Ex. B.)

17. Thereafter, TSE began ordering sporting goods from Eastbay, which Eastbay delivered along with invoices for the goods.

18. For both the Showcase and TSE accounts with Eastbay, Cardenas was listed as an "Authorized Purchaser[]" and in connection with the set-up of those accounts, Cardenas signed Personal Guaranty agreements for both companies and agreed "[i]n the event that the [companies fail] to make any payment to Eastbay pursuant to the Agreement" to "personally guarantee[] any payments owed to Eastbay by the [companies] and agree[d] to make all payments to Eastbay in the same manner as if he were the principal of the Agreement." (Ex. A; Ex. B.)

19. To date, Showcase has purchased from Eastbay $32,544.54 worth of sporting goods for which it has received multiple invoices, payment for which is past due.

20. Neither Showcase nor Cardenas has objected to any of the invoices for the goods delivered by Eastbay to Showcase.

21. To date, TSE has purchased from Eastbay $455,604.93 worth of sporting goods for which it has received multiple invoices, payment for which is past due.

22. Neither TSE nor Cardenas has objected to any of the invoices for the goods delivered by Eastbay to TSE.

23. Defendants' refusal to pay for nearly $500,000 worth of goods that Eastbay has timely and properly delivered has caused Eastbay monetary damages in the amount of the past due invoices.

24. There is no indication that Defendants are willing to pay the amounts owed to Eastbay despite due demand having been made.

## CAUSES OF ACTION

### COUNT I – Breach of Contract (Against TSE and Showcase)

25. Plaintiff restates and incorporates by reference herein the allegations in all preceding paragraphs.

26. The sales relationships TSE and Showcase each formed with Eastbay by sending purchase order forms for goods, which Eastbay would fulfill and then deliver to TSE and Showcase, give rise to valid and enforceable contracts. The application for credit and Business Customer Profile form TSE and Showcase submitted to Eastbay containing the terms for purchase and payment, and to which Eastbay agreed, also give rise to valid and enforceable contracts between Eastbay, on the one hand, and TSE and Showcase on the other. As a party to the contracts, Eastbay is the proper party to bring suit.

27. Eastbay performed its obligations under the contracts by fulfilling those Defendants' orders through the delivery of conforming goods.

28. Defendants TSE and Showcase have breached each of their contractual obligations by failing to make payment within 30 days of the invoice date.

29. Eastbay has been damaged in the amount of $488,149.47 by reason of TSE and Showcase's refusal to pay for the goods that Plaintiff timely and properly delivered.

30. All conditions precedent have been satisfied.

**COUNT II – Breach of Contract on a Personal Guaranty (Against Cardenas)**

31. Plaintiff restates and incorporates by reference herein the allegations in all preceding paragraphs.

32. The Personal Guaranty agreements Cardenas signed to become guarantor of the debts of both TSE and Showcase are valid and enforceable contracts between those entities and Eastbay. As a party to the contracts, Eastbay is the proper party to bring suit.

33. In exchange for Eastbay's extension of credit to TSE and Showcase, Cardenas agreed to personally guarantee the obligations of TSE and Showcase.

34. Eastbay performed its obligations under the contracts by, among other things, allowing Defendants to purchase goods on credit, which Eastbay delivered.

35. TSE and Showcase were required to make payment within 30 days of the invoice date, but have failed to do so in violation of the underlying sales relationship.

36. Cardenas agreed "[i]n the event that the [companies fail] to make any payment to Eastbay pursuant to the Agreement" to "personally guarantee[] any payments owed to Eastbay by the [companies] and agree[d] to make all payments to Eastbay in the same manner as if he were the principal of the Agreement." (Ex. A; Ex. B.)

37. Despite the fact that more than 30 days have passed since the invoices were issued, neither TSE nor Showcase has paid.

38. Nonpayment by either company triggered Cardenas's obligation, as guarantor, to pay their debts. Cardenas has failed to fulfill his obligations under the Personal Guaranty agreements.

39. As a result of TSE and Showcase's refusal to pay for $488,149.47 worth of goods that Eastbay properly delivered, and for which Cardenas is liable per the terms of the Personal Guaranty agreements he executed, Cardenas is responsible for paying these amounts due and owing.

40. All conditions precedent have been satisfied.

**COUNT III - Suit on an Open Account (Against all Defendants)**

41. Plaintiff restates and incorporates by reference herein the allegations in all preceding paragraphs.

42. Eastbay sold and delivered nearly $500,000 in sporting goods to both TSE and Showcase since the beginning of the business relationships between Eastbay and Defendants, charging the accounts opened up in their names.

43. Eastbay allowed TSE and Showcase to purchase the goods on credit.

44. Eastbay often made shipments of goods directly to Cardenas. Invoices for the goods were also directed to Cardenas, as well as TSE and Showcase. Upon information and belief, Cardenas is a named principal of Showcase. And upon further information and belief, Showcase is a principal of TSE.

45. The prices of the agreed-upon goods purchased and delivered over the course of the business relationships were just and reasonable in accordance with the usual and customary prices for similar items, with payment due on the goods within 30 days of the invoice date.

46. Despite the fact that more than 30 days have passed since the invoices were issued, TSE, Showcase, and Cardenas have failed to pay, even after demand.

47. Defendants' refusal to pay the $488,149.47 owed for the goods that Eastbay has timely and properly delivered makes all Defendants liable for the amounts due and owing.

**COUNT IV - Suit on an Account Stated (Against all Defendants)**

48. Plaintiff restates and incorporates by reference herein the allegations in all preceding paragraphs.

49. Consistent with agreed-upon, just, and customary terms, Eastbay allowed Defendants to purchase goods on credit, with payment due within 30 days of the invoice date.

50. Cardenas signed Personal Guaranty agreements regarding the debts TSE and Showcase owed to Eastbay, and as a result became guarantor of the debts owed to Eastbay.

51. Despite the fact that 30 days have passed since the invoices were issued, no Defendant has paid what is owed.

52. In addition to the invoices, Eastbay has sent account statements to Defendants that cover the life of the business relationship, which upon information and belief, Defendants received and to which they have not objected.

53. As a result, Defendants' refusal to pay for $488,149.47 worth of goods that Eastbay has timely and properly delivered has caused monetary damages to Eastbay in the amount outstanding.

## DEMAND FOR JURY TRIAL

54. Plaintiff demands a jury trial for all claims entitled to a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests whatever relief, in law and in equity, to which it may be entitled, including but not limited to:

a) Entry of a judgment against TSE, Showcase, and Cardenas related to any losses suffered by Plaintiff as a result of Defendants' unlawful actions described herein;

b) Actual and compensatory damages in the amount of $488,149.47 related to any losses suffered by Plaintiff as a result of Defendants' unlawful actions described herein;

c) Attorneys' fees and other costs of litigation pursuant to Tex. Civ. Prac. & Rem. Code § 38.001; and

d) Any other relief this Court deems just and proper.

Dated: June 14, 2021                                     Respectfully submitted,

*[signature]*

Christopher M. Halbohn
Attorney of Record
Texas Bar No. 24109967
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd., Suite 900
Houston, Texas 77027
Telephone: (713) 355-5000
Facsimile: (713) 355-5001
CHalbohn@kelleydrye.com

Robert Steiner
*(Admission pending)*
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7965
RSteiner@KelleyDrye.com

*Attorneys for Plaintiff*
*Eastbay, Inc.*